UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
KNOXVILLE DIVISION

| | |
|---|---|
| MAXCHIEF INVESTMENTS LIMITED, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No. 3:16-cv-63 |
| ) | |
| PLASTIC DEVELOPMENT GROUP, LLC, ) | |
| ) | |
| Defendant. ) | |

## MEMORANDUM OPINION

This matter is before the Court on the parties' Joint Motion for Protective Order [doc. 34] and the parties' Stipulated Protective Order [doc. 34-1]. For the reasons herein, the Court will deny the motion.

### I. BACKGROUND

Defendant Plastic Development Group, LLC ("Plastic Development") describes itself as "a leading manufacturer and distributor of blow-molded and injection-molded plastic products, including banquet tables." [Guck Decl., doc. 19, ¶ 3]. Plaintiff Maxchief Investments Limited ("Maxchief") claims that Plastic Development's bi-fold tables are infringing its rights under United States Patent No. 6,622,644, entitled "Collapsible Table." [Compl., doc. 1, ¶¶ 4, 7, 9; '644 Patent, doc. 1-1, at 2]. As a result, it has brought this patent-infringement action under 35 U.S.C. § 271(a)–(c), (f). [Compl. ¶¶ 7–18].

The parties now jointly move the Court to enter a protective order that would preemptively allow them to exclude various documents from discovery—documents that

they "anticipate" will concern their "sales," "customers," and "other things," which they believe are confidential or qualify as trade secrets. [Mot. for Protective Order at 1]. Under the terms of the parties' Stipulated Protective Order, the parties would have the authority to exclude from discovery "any document, information or other thing" that they consider to be "confidential," a term that encompasses "information [that] . . . includes, but is not limited to, answers to interrogatories, answers to requests for admission, responses to requests for production of documents, deposition transcripts and videotapes, deposition exhibits, and other writings or things produced." [Stipulated Protective Order at 1–2]. The parties would also have license to withhold, again in their discretion, any documents that they "deem[]" to be "highly confidential/attorneys' eyes only." [*Id.* at 2].

## II. FEDERAL RULE OF CIVIL PROCEDURE 26(c)(1)

Under Federal Rule of Civil Procedure 26(c)(1), a court may, "for good cause," issue a protective order to "[a] party or any person from whom discovery is sought," to prevent "annoyance, embarrassment, oppression, or undue burden or expense." In particular, under Federal Rule of Civil Procedure 26(c)(1)(G), a court may protect certain business-related materials, including trade secrets and other commercially sensitive information, from disclosure.[1] The movant for a protective order has the burden to show that good cause is present. *Nix v. Sword*, 11 F. App'x 498, 500 (6th Cir. 2001). "Rule 26(c) confers broad discretion on the trial court to decide when a protective order is

---

[1] A trade secret is "any information that can be used in the operation of a business or other enterprise and is sufficiently valuable and secret to afford an actual or potential economic advantage over others." *Orthofix, Inc. v. Hunter*, 630 F. App'x 566, 567 (6th Cir. 2015) (quotation omitted).
2

appropriate and what degree of protection is required." *Seattle Times Co. v. Rhinehart*, 467 U.S. 20, 36 (1984).

### III. ANALYSIS

In patent-infringement cases, courts apply "regional circuit law when the issue involves an interpretation of the Federal Rules of Civil Procedure," *Manildra Milling Corp. v. Ogilvie Mills, Inc.*, 76 F.3d 1178, 1181–82 (Fed. Cir. 1996), including when the issue involves "the propriety of entering a protective order to protect trade secrets or other confidential information," *JLIP, LLC v. Stratospheric Indus., Inc.*, No. 14-61798-CIV, 2016 WL3944076, at *3 n.6 (S.D. Fla. Feb. 8, 2016) (citation omitted); *see Eli Lilly & Co. v. Actavis Elizabeth LLC*, No. 07-3770 (DMC), 2008 WL 2783345, at *2 (D.N.J. July 15, 2008) (applying Third Circuit law in a patent-infringement case to resolve a dispute concerning a protective order under Rule 26(c)). In the Sixth Circuit, to show good cause under Rule 26(c)(1)(G), the movant must (1) demonstrate the existence of an actual trade secret or other commercial information that falls within Rule 26(c)(1)(G)'s protection, *Republic Servs., Inc. v. Liberty Mut. Ins. Co.*, No. Civ.A. 03-494-KSF, 2006 WL 1635655, at *3 (E.D. Ky. June 9, 2006), and (2) identify "specific facts" that indicate a "clearly defined and serious injury" would occur without a protective order, *Nix*, 11 F. App'x at 500; *see Nemir v. Mitsubishi Motors Corp.*, 381 F.3d 540, 550 (6th Cir. 2004) (stating that protective orders under Rule 26(c) are appropriate "only under [certain] circumstances," which require "a particular and specific demonstration of fact, as distinguished from stereotyped and conclusory statements" (quotation omitted)).

3

The Court begins by recognizing that district courts in this circuit generally agree that protective orders serve an important function in patent-infringement cases. *See E3 Biofuels, LLC v. Biothane Corp.*, No. 1:12-mc-76, 2013 WL 3778804, at *3 (S.D. Ohio July 18, 2013) ("[P]articular cases, such as patent lawsuits, routinely require protective orders designating material 'Confidential' and 'Highly Confidential—Attorney Eyes Only' to protect the interests of the litigants."); *Methode Elecs., Inc. v. Delphi Auto. Sys. LLC*, No. 09-13078, 2009 WL 3875980, at *2 (E.D. Mich. Nov. 17, 2009) ("Patent litigation often requires parties to disclose confidential information to one another. [T]here is danger that one party may use such information to the competitive disadvantage of the other. The typical means to mitigate this risk is through a protective order that allows documents to be designated 'attorneys eyes only.'"). The Court shares the view that protective orders can have a vital role in patent-infringement cases and acknowledges that, in some or most of these cases, they have even become customary— indeed, courts in other circuits have adopted pre-approved protective orders that parties in patent-infringement suits may enter into. *See, e.g.*, Model Protective Order for Litig. Involving Patents, Highly Sensitive Confidential Info. and/or Trade Secrets (N.D. Cal. Jan. 17, 2017), http://www.cand.uscourts.gov/model-protective-orders.[2]

---

[2] The Northern District of California's pre-approved protective order, however, contains explicit provisions that preserve the integrity of and promote compliance with Rule 26(c). For instance, it confines the definition of "confidential" information to items "that qualify for protection" under Rule 26(c) and "does not confer blanket protections on all disclosures or responses to discovery." Model Protective Order for Litig. Involving Patents at 1–2. The pre-approved protective order also forbids "[m]ass, indiscriminate, or routinized designations" of materials as confidential and exposes the parties to sanctions for failure to comply with Rule 26(c). *Id.* at 4.

4

Case 3:16-cv-00063-TWP-HBG   Document 40   Filed 02/22/17   Page 4 of 11   PageID #: 283

Despite the general acceptance and widespread use of protective orders in these types of cases, the mere fact that parties are engaged in patent litigation does not entitle them to preferential treatment en route to a protective order. Even in patent-infringement suits, when parties fail to show good cause under Rule 26(c), the Federal Circuit has, in multiple cases, refused their requests for protective orders. *See, e.g.*, *Iris Corp. Berhad v. United States*, 84 Fed. Cl. 489, 492–94 (Fed. Cir. 2008) (denying the plaintiff's motion for protective order because the plaintiff failed to show good cause under Rule 26(c)); *AG-Innovations, Inc. v. United States*, 82 Fed. Cl. 69, 78–79 (Fed. Cir. 2008) ("[B]road allegations of harm, unsubstantiated by specific examples, are insufficient to justify issuance of a protective order." (citations omitted)); *Northbrook Dig., LLC v. Vendio Servs., Inc.*, 625 F. Supp. 2d 728, 737 (D. Minn. 2008) (stating that "many courts recognize that patent prosecution can pose the type of competitive threat that justifies a protective order" but "[t]his is not to say that courts have universally prohibited lawyers and inventors involved in patent prosecution from having access to opposing parties' confidential information"). More importantly, the Sixth Circuit—whose case law, again, governs the parties' request for a protective order here—has underscored the point that Rule 26(c)'s legal standard, though not insurmountable, is far from a mere technicality.

*In Procter & Gamble Co. v. Bankers Trust Co.*, 78 F.3d 219 (6th Cir. 1996), the Sixth Circuit addressed the propriety of a "broad stipulated protective order" in which the district court allowed the parties to withhold documents from discovery if, "in their discretion," they contained trade secrets or other confidential information. *Id.* at 222. The Sixth Circuit concluded that the protective order violated Rule 26(c) partly because "[t]he

5

parties and not the court would determine whether particular documents met the requirements of Rule 26." *Id.* at 222, 227. Although it recognized that district courts have latitude in granting or denying protective orders, it noted that "th[is] discretion is limited by the careful dictates of [Rule 26]." *Id.* at 227. In this vein, it reasoned that the district court, by letting the parties designate certain documents as confidential, "allowed [them] to adjudicate their own case based upon their own self-interest" and "abdicate[d] its responsibility to oversee the discovery process." *Id.* In reviewing *Procter*, this Court has no doubts that its teachings are applicable to requests for protective orders in patent-infringement cases too—and incidentally, neither does the Federal Circuit, which has endorsed *Procter*. *See In re Violation of Rule 28(D)*, 635 F.3d 1352, 1358 (Fed. Cir. 2011) (stating that "[p]arties frequently abuse Rule 26(c) by seeking protective orders for material not covered by the rule" and citing *Procter* in noting that "[o]ur sister circuits have repeatedly condemned the improper use of confidentiality designations").

### A. Particular and Specific Demonstration of Fact

In this case, the parties fall short of making even a tepid illustration of good cause, having failed to identify any actual confidential information or articulate specific facts as to any particularized harm they would suffer without a protective order. The parties' motion is three sentences long, contains no mention of Rule 26(c)'s legal standard, and is unaccompanied by affidavits or declarations. The parties state that a protective order is necessary to safeguard information concerning their "sales," "customers," and "other things," which they consider to be confidential, [Mot. for Protective Order at 1], but these

6

thumbnail, generic characterizations do not amount to a manifestation of a protectable trade secret or other commercial information that falls within Rule 26(c)(1)(G)'s domain, *see Nemir*, 381 F.3d at 550 (stating that Rule 26(c) calls upon parties to make "a particular and specific demonstration of fact, as distinguished from stereotyped and conclusory statements" (quotation omitted)); *see also AmerGen Energy Co., LLC v. United States*, 115 Fed. Cl. 132, 140–41 (Fed. Cir. 2014) (stating that the plaintiff, in citing the need to protect its "cost structures, business opportunities, and market situations," made "no effort to identify *specific* information . . . that would cause *specific* harm to its competitive interests" under Rule 26(c)); *Forest Prods. Nw., Inc. v. United States*, 62 Fed. Cl. 109, 114 (Fed. Cir. 2004) (concluding that the plaintiff's statement that its "business and competitive position" would suffer without a protective order did not satisfy Rule 26(c) because it was "conclusory," "self-serving," and "nothing more than a mere *ipse dixit*"); *Wall Indus., Inc. v. United States*, 5 Cl. Ct. 485, 487–88 (Ct. Cl. 1984) (stating that "it is axiomatic that nebulous and conclusory allegations of confidentiality . . . are insufficient to carry the movant's burden." (citations omitted)).

The parties also do not describe—not even in conclusory fashion—any type of harm that would result from discovery of any of the numerous materials that are subject to their Stipulated Protective Order. Operating under a standard that requires them to identify "specific facts" indicating that they would suffer a "clearly defined and serious injury," they have made no headway in demonstrating to the Court that particularized harm awaits them without a protective order. *Nix*, 11 F. App'x at 500; *see AmerGen Energy*, 115 Fed. Cl. at 141 (finding that the plaintiff failed to demonstrate good cause

7

under Rule 26(c) because it made "no effort to identify . . . *specific* harm to its competitive interests"). In short, the parties have made only conclusory statements that the documents subject to their Stipulated Protective Order will contain confidential information and have made no assertion at all of particularized harm that would befall them absent a protective order. As a result, they have not established good cause for a protective order under Rule 26(c)(1)(G). *Compare* [Mot. for Protective Order at 1 (containing the parties' terse, conclusory assertions as to the existence of confidential information and no assertion of harm)], *with In re Gabapentin Patent Litig.*, 312 F. Supp. 2d 653, 659 (D.N.J. 2004) (determining that the parties, who were involved in a patent-infringement suit, were entitled to a protective order under Rule 26(c) because each of them "submitted detailed affidavits, declarations, setting forth in detail the nature of their trade secrets and the specific harm that will be suffered upon disclosure").

### B. The Scope of the Stipulated Protective Order

In case the parties intend to renew their request for a protective order before proceeding with this litigation, the Court, to avoid confusion, notes that blanket protective orders, which by their nature are broad and cover a range of documents, are not per se violative of Rule 26(c). In fact, both the Sixth Circuit and the Federal Circuit have recognized that blanket protective orders have practical uses. *See Howes v. Ashland Oil, Inc.*, No. 87-5939, 1991 WL 73251, at *3 (6th Cir. May 6, 1991) ("Blanket protective orders . . . 'greatly expedite the flow of discovery material while affording protection against unwarranted disclosures.'" (quotation and footnote omitted)); *see also*

*AmerGen Energy*, 115 Fed. Cl. at 138 ("Blanket or umbrella protective orders . . . are frequently employed by this court and others to facilitate discovery in complex cases. However, 'such orders should not substantively expand the protection provided by Rule 26(c)[.]" (citations and quotation omitted)); *Armour of Am. v. United States*, 73 Fed. Cl. 597, 599 (Fed. Cir. 2006) ("Federal courts have widely utilized umbrella or blanket protective orders, particularly in complex cases or cases involving large-scale discovery, upon a threshold showing of good cause by the party seeking protection." (citations omitted)).

Although blanket protective orders can be useful, they are, again, prone to abuse in the federal system. *See Procter*, 78 F.3d at 227; *see also In re Violation of Rule 28(D)*, 635 F.3d at 1358 (observing that "[p]arties frequently abuse Rule 26(c) by seeking protective orders for material not covered by the rule"). Simply, when parties agree to a blanket protective order, do not show—*specifically*—that the documents subject to the protective order will contain sensitive information whose disclosure will cause harm, and retain the right to decide which of these documents they will exclude from discovery, then they abuse Rule 26(c) by converting to their own use the inherent discretion that belongs to the Court. *See Procter*, 78 F.3d at 227. This scenario describes what the parties have done here. The parties not only fail to establish good cause under Rule 26(c) but also cast the widest of nets, seeking to protect "any document, information or other thing" that, in their judgment, they "deem[]" to be confidential or highly confidential. [Stipulated Protective Order at 1–2]. The Stipulated Protective Order's language is so imprecise and expansive—permitting the parties even to withhold materials "not limited

9

to" those that they enumerate in the Stipulated Protective Order—that the they could keep practically any item off limits from discovery. [*Id.* at 2].

By approving the Stipulated Protective Order, the Court would commit a clear legal error—namely the dereliction of its duty to oversee discovery. *See Procter*, 78 F.3d at 227; *see also Citizens First Nat'l Bank of Princeton v. Cincinnati Ins. Co.*, 178 F.3d 943, 945 (7th Cir. 1999) ("The order is so loose that it amounts . . . to giving each party carte blanche to decide what portions of the record shall be kept secret. Such an order is invalid." (citations omitted)); *Jepson, Inc. v. Makita Elec. Works, Ltd.*, 30 F.3d 854, 858 (7th Cir. 1994) (acknowledging that even when parties agree to a protective order, they still have the burden of establishing that good cause exists); *Solar X Eyewear, LLC v. Bowyer*, No. 1:11-cv-763, 2011 WL 3921615, at *2) (N.D. Ohio Sept. 7, 2011) ("[T]he proposed protective order is so broad and speculative as to defy any credible assertion of particularized injury."); *Waelde v. Merck, Sharp & Dohme*, 94 F.R.D. 27, 30 (E.D. Mich. 1981) ("The proposed order amounts to a blanket protective order, which would apply to any information defendant cares to characterize as confidential."). As a result, the Court must deny the parties' request for a protective order.

## IV. CONCLUSION

Rule 26(c) confers broad discretion on the Court to grant or deny a motion for a protective order. While blanket protective orders often promote efficiency in discovery, the inquiry under Rule 26(c) is not a policy-laden one. Rather, it is a legal inquiry that requires good cause, which, in this circuit, necessitates a showing of specific facts indicative of a clearly defined and serious injury. The parties have not even come within

reach of the requisite showing. The Joint Motion for Protective Order [doc. 34] is therefore **DENIED**. The Court will enter an order consistent with this opinion.

    **IT IS SO ORDERED.**

ENTER:

s/ Thomas W. Phillips
United States District Judge